﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191108-43622
DATE: November 30, 2020

ORDER

Entitlement to a 60 percent rating for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions, from June 19, 1991 to April 30, 2006, is granted.

FINDING OF FACT

From June 19, 1991 to April 30, 2006, prior to the Veteran being granted an earlier effective date for an award of service connection for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions, he was in receipt of nonservice-connected pension benefits based, in part, on the Agency of Original Jurisdiction’s (AOJ’s) rating of his coronary artery disease as 60 percent disabling. 

CONCLUSION OF LAW

The criteria for entitlement to a 60 percent rating for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions, from June 19, 1991 to April 30, 2006, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.100, 4.104, Diagnostic Code (DC) 7005. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1968 to December 1971. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA's decisions on their claims to seek review. The AMA applies to all claims on which VA issues an initial decision on or after February 19, 2019. 38 C.F.R. §§ 3.2400, 19.2. 

Here, the Veteran is appealing a February 27, 2019 Department of Veterans Affairs (VA) Decision Review Officer decision and is seeking Evidence Submission Reviewed by a Veterans Law Judge. As such, this decision is written consistent with the AMA framework.

Entitlement to a rating greater than 30 percent for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions, from June 19, 1991 to April 30, 2006

To understand the basis of this claim, it is necessary to outline the procedural history. This claim originates from a July 2010 VA rating decision awarding the Veteran service connection for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions, effective May 1, 2006. The Veteran appealed the effective date the AOJ assigned, action the Board affirmed in September 2017. The Veteran then appealed the Board's decision to the United States Court Of Appeals For Veterans Claims (Court). In March 2020, based on a Joint Motion For Remand (joint motion), the Court remanded this matter to the Board for action consistent with the terms of the joint motion. 

In December 2018, the Board granted the Veteran a June 18, 1991 effective date for the award of service connection for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions. In the February 2019 Decision Review Officer decision now on appeal, the AOJ effectuated the Board decision, assigning the disability a 30 percent rating from the earlier effective date of June 18, 1991. 

The Veteran seeks a rating greater than 30 percent for his coronary artery disease for the period extending from the newly awarded effective date of June 18, 1991 to May 1, 2006, the date the Veteran was assigned a combined disability rating of 100 percent. He questions why, in December 2019, when the AOJ awarded him the earlier effective date, it cut his 100 percent rating to 30 percent. He asserts that VA acted unfairly, particularly given evidence showing that he has had three heart attacks and two open heart bypass surgeries, had his right leg amputated, and lives with diabetes. 

First, in its December 2019 decision, the AOJ did not reduce the rating assigned the coronary artery disease. A 30 percent rating for that disability was then in effect, and, in the December 2019 decision, the AOJ assigned the same rating for the earlier time period. The Veteran is confusing the rating assigned his coronary artery disease with the combined disability rating assigned all of his service-connected disabilities. As a result of the December 2019 decision, the Veteran has a combined disability rating of 30 percent, effective from June 18, 1991 to April 30, 2006. This is so because, prior to May 1, 2006, he was not service connected for peripheral vascular disease, renal insufficiency, type II diabetes or peripheral neuropathy, disabilities considered in the 100 percent combined disability rating assigned since May 1, 2006. 

Second, the evidence supports the assignment of a 60 percent rating for the coronary artery disease from June 18, 1991 to April 30, 2006. The AOJ has rated this disability under 38 C.F.R. § 4.104, DC 7005, which governs arteriosclerotic heart disease (coronary heart disease). Pursuant to this DC, a 30 percent rating is assignable when there is a workload of greater than 5 METs but not greater than 7 METs resulting in dyspnea, fatigue, angina, dizziness, or syncope, or; evidence of cardiac hypertrophy or dilation on electrocardiogram, echocardiogram, or x-rays. for left ventricular ejection fraction (LVEF) of 30 to 50 percent. A 60 percent rating is assignable when there is more than one episode of acute congestive heart failure in the past year, or; workload of greater than 3 METs but not greater than 5 METs resulting in dyspnea, fatigue, angina, dizziness, or syncope; or for left ventricular ejection fraction (LVEF) of 30 to 50 percent. A 100 percent rating is assignable for chronic congestive heart failure, or when a workload of 3 METs or less results in dyspnea, fatigue, angina, dizziness, or syncope, or left ventricular dysfunction with an ejection fraction of less than 30 percent. Id. 

One MET (metabolic equivalent) is the energy cost of standing quietly at rest and represents an oxygen uptake of 3.5 milliliters per kilogram of body weight per minute. When the level of METs at which dyspnea, fatigue, angina, dizziness, or syncope develops is required for evaluation, and a laboratory determination of METs by exercise testing cannot be done for medical reasons, an estimation by a medical examiner of the level of activity (expressed in METs and supported by specific examples) that results in dyspnea, fatigue, angina, dizziness, or syncope may be used. 38 C.F.R. § 4.104, Note (2).

(Continued on the next page)

 

Here, there is scant evidence referring to the time period at issue in this decision, and, as the AOJ stated in its February 2019 decision, such evidence does not include findings that are helpful in rating the Veteran’s coronary artery disease pursuant to DC 7005 (no MET levels). However, this evidence, which the Veteran resubmitted recently, establishes that, between June 18, 1991 and April 30, 2006, his coronary artery disease was severe. As of 1994, it had required two bypasses and caused two heart attacks. 

Such evidence is significant given action the AOJ took during the same time frame. From June 19, 1991 to April 30, 2006, prior to the Veteran being granted an earlier effective date for an award of service connection for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions, he was in receipt of nonservice-connected pension benefits based, in part, on the AOJ’s rating of his coronary artery disease as 60 percent disabling under DC 7005. Clearly, the AOJ interpreted this evidence – all that was available at that time – as showing 60 percent disabling coronary artery disease under the same DC now in effect. Considering these facts collectively, the criteria for entitlement to a 60 percent rating for coronary artery disease, status post coronary artery bypass grafting times two and a history of myocardial infarctions, from June 19, 1991 to April 30, 2006, are met.

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. N.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.